**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS COURTHOUSE**

| | |
|---|---|
| Kari Warren, individually and on behalf of all others similarly situated, | 7:22-cv-06907 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| The Coca-Cola Company, | Jury Trial Demanded |
| Defendant | |

Plaintiff Kari Warren ("Plaintiff") alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. The Coca-Cola Company ("Defendant") manufactures, distributes, labels, markets, and/or sells alcoholic beverages described as "Margarita – Hard Seltzer" under the Topo Chico brand ("Product").



2. Relevant representations include "Topo Chico," "4.5% ALC/VOL," "Margarita Hard Seltzer," and a yellow backdrop of agave plants, the source crop for tequila.

3. The packaging contains the four varieties of Margarita Hard Seltzer including the "Signature Margarita."

4. In smaller font beneath each variety, the label states "Naturally Flavored With Other Natural Flavors."

I. **MARGARITA CONTAINS TEQUILA**

5. Consumers expect to receive a cocktail containing tequila when they order a margarita as this ingredient defines what a margarita is.

6. Merriam-Webster dictionary defines a "margarita" as "a cocktail consisting of tequila, lime or lemon juice, and an orange-flavored liqueur."

7. Wikipedia defines a "margarita" as "a cocktail consisting of tequila, orange liqueur, and lime juice[.]"

8. The International Bartenders Association ("IBA") recognizes a "margarita" as a classic cocktail made with tequila.

II. **LABEL INDICATES PRODUCT WILL CONFORM TO A MARGARITA**

9. Consumers will expect the Product to contain tequila because the label says "Margarita – Hard Seltzer" with pictures of the plant most associated with tequila, agave.

10. The term "Hard Seltzer" beneath "Margarita" furthers the expectation the Product will contain tequila.

11. With one notable exception, the term "hard" in the context of alcohol refers to distilled spirits, i.e., "hard liquor."

12. The exception is the fermented apple beverage known as "hard cider."

13. Various theories exist about how the term "hard" became associated with cider.

14. One explanation contends that "hard" was implicit in the Middle English definition of cider as a "strong drink."

15. Another posits that "hard" was used to distinguish fermented apple juice which contains alcohol from non-fermented and non-alcoholic fresh apple juice.

16. Eventually, "hard cider" was adopted in the IRS tax code and given a statutory definition.

17. However, consumers understand "hard" in the context of alcoholic beverages to refer to distilled spirits.

18. Ready-to-drink ("RTD") margarita beverages which contain tequila are sold by competitor brands like BuzzBox and Dulce Vida and are not technologically or commercially unfeasible.



### III. PRODUCT DOES NOT CONTAIN TEQUILA

19. The representations are misleading because the Product does not contain tequila, absent from the ingredient list on the side panel of the packaging.

**SIGNATURE MARGARITA: INGREDIENTS:**
FILTERED CARBONATED WATER, ALCOHOL, LIME
JUICE FROM CONCENTRATE, AGAVE SYRUP,
CITRIC ACID, NATURAL FLAVORS, SALT*, SODIUM
CITRATE, SUCRALOSE, MAGNESIUM CHLORIDE*
POTASSIUM CHLORIDE*. (*MINERALS FOR TASTE)

20. Instead of listing the alcohol source from a fermented sugar base, the ingredients list only "alcohol."

21. The ingredients include "agave syrup," a sweetener from the agave plant, instead of the liquor obtained from the distillation of the agave plant and the essential tequila ingredient in a margarita.

22. That the front of the cans state "Naturally Flavored With Other Natural Flavors" does not tell consumers the drinks they are purchasing are flavored beers that purport to taste like a margarita.

23. Moreover, the flavor designation of "Naturally Flavored With Other Natural Flavors" is not clearly visible on the box at the point-of-sale, written in smaller font beneath the variety of each can.

24. There is no inconsistency between a RTD margarita containing tequila and added flavoring.

25. This is shown by the Dulce Vida label, which states, "Our Dulce Vida Sparkling

4

Margarita is the first ready-to-drink premium cocktail made with real lime and natural flavors."



26. The "Margarita" representations including "Margarita," "Hard Seltzer," and pictures of agave plants are misleading because the Product does not contain tequila.

27. Malt beverage products are required to indicate the class of beverage they fit into.

28. The representation as "Hard Seltzer" does not indicate the class of malt beverages the Product fits in, preventing consumers from knowing the type of alcoholic drink they are buying.

29. "Margarita – Hard Seltzer" does not identify the Product's base class and/or type designation, which is beer.

30. The Product's use of the term "Hard Seltzer" is false, deceptive and misleading

because it does not contain distilled spirits, but is made from a fermented sugar base.

31. The labeling is misleading because the Product does not contain the sparkling mineral water sourced in Monterrey, Mexico, which is an essential part of Topo Chico beverages.

## IV. CONCLUSION

32. Defendant makes other representations and omissions with respect to the Product which are false and misleading.

33. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

34. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

35. Had Plaintiff known the truth, she would not have bought the Product or would have paid less for it.

36. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $17.99 for a twelve-pack of 12 oz cans, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

Jurisdiction and Venue

37. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

38. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

39. The Product has been sold at thousands of locations in the states covered by the classes Plaintiff seeks to represent, with the representations challenged here, for over a year.

40. Plaintiff Kari Warren is a citizen of New York.

41. Defendant The Coca-Cola Company is a Delaware corporation with a principal place of business in Atlanta, Fulton County, Georgia.

42. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

43. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here for over a year, in thousands of locations, in the States covered by Plaintiff's proposed classes.

44. The Product is available to consumers from grocery stores, liquor stores, warehouse club stores, drug stores, convenience stores, big box stores, and online.

45. Venue is in this District because Plaintiff's residence and the actions giving rise to the claims occurred here.

46. This action should be assigned to the White Plains Courthouse of this District because a substantial part of the events or omissions giving rise to these claims occurred in Rockland County, including Plaintiff's purchases, consumption, and reliance on the representations identified here.

## Parties

47. Plaintiff is a citizen of Nanuet, New York, Rockland County.

48. Defendant is a Delaware corporation with a principal place of business in Atlanta, Georgia, Fulton County.

49. Defendant is the world's largest seller of beverages.

50. Topo Chico is a leading brand of sparkling mineral water that has been bottled at its natural source in Monterrey, Mexico, since 1985.

51. Topo Chico's sales have it eclipsing more established brands of mineral water, such as Perrier, within the next 10 years.

52. The Topo Chico brand is known for its authenticity and no-frills approach to sparkling mineral water.

53. This cachet is beneficial in the sale of alcoholic beverages purporting to contain distilled spirits, because consumers will expect its labeling is true to its roots and brand message.

54. Defendant has spent millions of dollars on research to identify attributes of products consumers want and will pay more for.

55. Defendant's studies and records confirmed that consumers increasingly seek alcoholic beverages with distilled spirit ingredients or canned cocktails.

56. Plaintiff purchased the Product at locations including ShopRite, 26 N Middletown Rd, Pearl River, NY 10965, between May 2022 and June 2022, among other times.

57. Plaintiff believed and expected the Product contained tequila based on the terms "Margarita" and "Hard Seltzer" and pictures of agave plants, and contained Topo Chico's naturally sparkling mineral water, because that is what the representations and omissions said and implied, on the front label and the absence of any adequate disclaiming statements.

58. Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

59. Plaintiff bought the Product at or exceeding the above-referenced price.

60. Plaintiff would not have purchased the Product if she knew the representations and

omissions were false and misleading or would have paid less for it.

61. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, requirements, instructions, features, and/or components.

62. Plaintiff paid more for the Product than she otherwise would have absent Defendant's false and misleading statements and omissions.

## Class Allegations

63. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and

> **Consumer Fraud Multi-State Class**: All persons in the States of Montana, New Mexico, Idaho, South Carolina, Utah, Mississippi, and Alaska who purchased the Product during the statutes of limitations for each cause of action alleged.

64. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

65. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

66. Plaintiff is an adequate representative because her interests do not conflict with other members.

67. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

68. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

69. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

### New York General Business Law §§ 349 and 350
### (Consumer Protection Statute)

70. Plaintiff incorporates by reference all preceding paragraphs.

71. Plaintiff believed and expected the Product contained tequila based on the terms "Margarita" and "Hard Seltzer" and pictures of agave plants, and contained Topo Chico's naturally sparkling mineral water.

72. Defendant's false, misleading, and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

73. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

74. Plaintiff relied on the representations and omissions.

75. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

76. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

77. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

78. Defendant intended that the Consumer Fraud Multi-State Class would rely upon its deceptive conduct.

79. As a result of Defendant's use of artifice, and unfair or deceptive acts or business practices, the members of the Consumer Fraud Multi-State Class sustained damages.

80. Defendant's conduct showed motive and a reckless disregard of the truth such that an award of punitive damages is appropriate.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

81. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it contained tequila and Topo Chico's naturally sparkling mineral water.

82. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

83. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

84. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it contained tequila based on the terms "Margarita" and "Hard Seltzer" and pictures of agave plants, and contained Topo Chico's naturally sparkling mineral water.

85. Defendant's representations affirmed and promised that the Product contained tequila and Topo Chico's naturally sparkling mineral water.

86. Defendant described the Product so Plaintiff believed it contained tequila and Topo Chico's naturally sparkling mineral water, which became part of the basis of the bargain that it would conform to its affirmations and promises.

87. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

88. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted and authentic brand in the beverage category.

89. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

90. Plaintiff provided or will provide notice to Defendant, its agents, representatives, retailers, and their employees.

91. Plaintiff provides notice to Defendant that it breached the express and implied warranties associated with the Product.

92. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

93. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

94. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it contained tequila and Topo Chico's naturally sparkling mineral water.

95. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it contained tequila and Topo Chico's naturally sparkling mineral water, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

96. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

97. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained tequila and Topo Chico's naturally sparkling mineral water.

98. Moreover, the records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

99. Defendant knew of the issues described here yet did not address them.

100. Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

### Unjust Enrichment

101. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims, restitution and interest pursuant to the common law and other statutory claims;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   August 14, 2022

Respectfully submitted,

/s/Spencer Sheehan
Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com