Kari Warren, individually and on behalf of all
others similarly situated,

                    Plaintiff,

        - against -

The Coca-Cola Company,

                 Defendant

7:22-cv-06907-CS

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion for Judgment on the Pleadings

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................ iv

INTRODUCTION ........................................................................................................ 1

FACTUAL BACKGROUND ........................................................................................ 1

LEGAL STANDARDS ................................................................................................. 2

ARGUMENT ................................................................................................................ 2

I.      PLAINTIFF'S CLAIMS ARE PLAUSIBLE AND VIABLE ........................... 2

      A.     Dictionary Definitions Support Expecting Some Tequila ...................... 3

      B.     Alcohol By Volume Content Insufficient to Show Absence of Tequila ............... 4

      C.     Wide Availability Fails to Dispel Expectation of Tequila..................... 4

      D.     Nothing So Exclusive About Tequila to Render its Inclusion Unlikely ................ 6

      E.     Unlike "Vanilla," "Margarita" Does Not Refer to a Flavor................... 7

      F.     Whether "Hard" Describes a Type of Distilled Spirit Alcohol, is a Question of Fact ............ 7

      G.     Front Label Representation Eliminated Need to Check Ingredient List ................ 8

II.     "TOPO CHICO" LEADS CONSUMERS TO EXPECT NATURALLY SPARKLING WATER .......... 9

III.    PLAINTIFF HAS STANDING TO PURSUE NON-NEW YORK CLAIMS................. 10

IV.    PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS ......................... 10

      A.     Plaintiff Provided Notice Consistent with the Statute .......................... 10

      B.     Plaintiff Satisfied the Direct-Dealing Exception to Privity ................... 11

      C.     Alternative Criteria for Implied Warranty Provided............................... 11

      D.     Defendant's Misrepresentations Plausibly Support Warranty Claims.................. 12

      E.     MMWA Claim is Based on the Plausible Express and Implied Warranty Claims ............ 12

V.      COMMON LAW CLAIMS ARE ADEQUATELY PLED..................................................13

     A.      The Complaint Exceeds Particularity Requirements for Fraud ............................ 13

     B.      Unjust Enrichment is Viable ................................................................................. 14

CONCLUSION................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*,
    39 F. Supp. 3d 516 (S.D.N.Y. 2014)..................................................................... 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................... 2

*Beers v. Mars Wrigley Confectionery US, LLC*,
    No. 21-cv-2, 2022 WL 493555 (S.D.N.Y. Feb. 17, 2022) .................................... 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................... 2

*Bristol Vill., Inc. v. Louisiana-Pac. Corp.*,
    916 F. Supp. 2d 357 (W.D.N.Y. 2013) ................................................................ 11

*Browning v. Anheuser-Busch, LLC*,
    539 F. Supp. 3d 965 (W.D. Mo. 2021) ................................................................ 8

*Brumfield v. Trader Joe's Co.*,
    No. 17-cv-3239, 2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018)............................ 6

*Bynum v. Fam. Dollar Stores, Inc.*,
    592 F. Supp. 3d 304 (S.D.N.Y. 2022).................................................................. 13

*Campbell v. Whole Foods Market Group, Inc.*,
    516 F. Supp. 3d 370 (S.D.N.Y. 2021).............................................................. 3, 11

*Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020)................................................................................ 6

*Chong v. Nestlé Waters N. Am., Inc.*,
    No. 19-cv-10901, 2020 WL 7690175 (C.D. Cal. Nov. 30, 2020) ......................... 10

*Colpitts v. Blue Diamond Growers*,
    527 F. Supp. 3d 562 (S.D.N.Y 2021).................................................................. 11

*Colpitts v. Blue Diamond Growers,*
    527 F. Supp. 3d 562 (S.D.N.Y. 2021).................................................................. 7

*Cooper v. Anheuser-Busch, LLC*,
    553 F. Supp. 3d 83 (S.D.N.Y. 2021).................................................................. 5, 8

*Custance v. Terex Utils.*,
    2016 N.Y. Slip Op. 32171 (N.Y. Sup. Ct. 2016) .................................................. 12

*Davis v. Hain Celestial Grp., Inc.*,
297 F. Supp. 3d 327 (E.D.N.Y. 2018) ................................................. 8

*Doe v. Columbia Univ.*,
831 F.3d 46 (2d Cir. 2016).................................................................. 9

*Dwyer v. Allbirds, Inc.*,
No. 21-cv-5238, 2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022) ..................................... 12, 13

*Fishon v. Peloton Interactive, Inc.*,
No. 19-cv-11711, 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020)................................. 8

*Forschner Grp., Inc. v. Arrow Trading Co. Inc.*,
30 F.3d 348 (2d Cir. 1994) ................................................................ 9

*Gavilanes v. Gerber Prods. Co.*,
No. 20-cv-05558, 2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021) ......................... 11

*Geffner v. Coca-Cola Co.*,
928 F.3d 198 (2d Cir. 2019)............................................................ 3, 6

*Gordon v. Target Corp.*,
No. 20-cv-9589, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022)............................. 12

*Housey v. Procter & Gamble Co.*,
No. 21-cv-2286, 2022 WL 874731 (S.D.N.Y. Mar. 24, 2022)............................ 13

*In re Propranolol Antitrust Litig.*,
249 F. Supp. 3d 712 (S.D.N.Y. 2017)............................................... 10

*Jessani v. Monini N. Am., Inc.*,
744 F. App'x 18 (2d Cir. 2018) ...................................................... 6

*Kaatz v. Hyland's Inc.*,
No. 16-cv-237, 2016 WL 3676697 (S.D.N.Y. July 6, 2016)................................. 10

*MacNaughten v. Young Living Essential Oils, LC*,
575 F. Supp. 3d 315 (N.D.N.Y. 2021) .......................................... 10, 11

*Mahon v. Ticor Title Ins. Co.*,
683 F.3d 59 (2d Cir. 2012)........................................................... 10

*Mantikas v. Kellogg Co.*,
910 F.3d 633 (2d Cir. 2018)..................................................... 3, 8, 9

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) ........................................................ 6

*Neri v. R.J. Reynolds Tobacco Co.*,
    No. 98-cv-371, 2000 WL 33911224 (N.D.N.Y. Sept. 28, 2000)..........................................11

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d. Cir. 2015).....................................................................................................2

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20 (1995) ..................................................................................................................2

*Patel v. Contemp. Classics of Beverly Hills*,
    259 F.3d 123, 126 (2d Cir. 2001)..............................................................................................2

*Rivas v. Hershey Co.*,
    No. 19-cv-3379, 2020 WL 4287272 (E.D.N.Y. July 27, 2020).........................................7, 9

*Romero v. Tropicale Foods, LLC*,
    No. 21-cv-1165, 2021 WL 6751908 (C.D. Cal. Dec. 22, 2021)...........................................10

*Singleton v. Fifth Generation, Inc.*,
    No. 515-cv-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) ...............................................3

*Steele v. Wegmans Food Mrkts., Inc.*,
    472 F. Supp. 3d 47 (S.D.N.Y. 2020).........................................................................................6

*Steinberg v. Icelandic Provisions, Inc.*,
    No. 21-cv-05568, 2022 WL 220641 (N.D. Cal. Jan. 25, 2022)............................................10

*Suzie's Brewery Co. v. Anheuser-Busch Cos., LLC*,
    519 F. Supp. 3d 839 (D. Or. 2021) ...........................................................................................7

*Tomasino v. Estee Lauder Cos. Inc.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ......................................................................................11

*Twohig v. Shop-Rite Supermarkets, Inc.*,
    519 F. Supp. 3d 154 (S.D.N.Y. 2021)........................................................................7, 12, 13

*Verizon Directories Corp. v. Yellow Book USA, Inc.*,
    309 F. Supp. 2d 401 (E.D.N.Y. 2004) ......................................................................................5

*Warren v. Whole Foods Mkt. Grp. Inc.*,
    574 F. Supp. 3d 102 (E.D.N.Y 2021) .......................................................................................8

*Williams v. Gerber Prods. Co.*,
    522 F.3d 934 (2d Cir. 2008).......................................................................................................9

*Wynn v. Topco Assocs., LLC*,
    No. 19-cv-11104, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ................................................5

*XL Specialty Ins. Co. v. Otto Naumann, Ltd.*,
    No. 12-cv-8224, 2015 WL 1499208 (S.D.N.Y. Mar. 31, 2015)............................................. 9

**Statutes**

15 U.S.C. § 2301(6)(A)................................................................................................ 13

N.Y. A.B.C. § 54(4) ...................................................................................................... 4

N.Y. A.B.C. § 54-a(2) ................................................................................................... 4

N.Y. A.B.C. § 63(4) ...................................................................................................... 5

N.Y. G.B.L. § 349 ......................................................................................................... 1

N.Y. G.B.L. § 350 ......................................................................................................... 1

N.Y. U.C.C. § 2-314(2)(a) .......................................................................................... 12

N.Y. U.C.C. § 2-314(c) .............................................................................................. 12

N.Y. U.C.C. § 2-315 ................................................................................................... 12

N.Y. U.C.C. § 2-607 ............................................................................................. 10, 11

**Rules**

Fed. R. Civ. P.  8(d)(2)............................................................................................... 14

Fed. R. Civ. P.  9(b) ................................................................................................... 13

Fed. R. Civ. P. 12(b)(6).................................................................................................. 2

Fed. R. Civ. P. 12(c) ..................................................................................................... 2

## INTRODUCTION

Plaintiff Kari Warren ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by The Coca-Cola Company ("Defendant") for Judgment on the Pleadings.

Plaintiff brings claims for damages for violations of New York General Business Law ("GBL") §§ 349 and 350, and the consumer protection laws of Montana, New Mexico, Idaho, South Carolina, Utah, Mississippi, and Alaska, Compl. ¶¶ 70-80, breaches of warranty, Compl ¶¶ 81-96, and common law claims, Compl. ¶¶ 97-101, on behalf of purchasers of Topo Chico's "Margarita Hard Seltzer" ("Product"). Compl. ¶ 2. Plaintiff seeks monetary relief, expenses, and reasonable attorneys' fees. Compl. at 12, Prayer for Relief, ¶¶ 2-3.

Defendant argues that the claims should be dismissed because, among other reasons, it did not make any material misrepresentations. *See* Memorandum of Law in Support of Motion for Judgment on the Pleadings ("Def. Mem.") at 1-2.[1] None of its arguments are a basis for dismissal, and its Motion should be denied.

## FACTUAL BACKGROUND

Defendant markets its "Margarita Hard Seltzer" "[atop] pictures of the plant most associated with tequila, agave" under the "Topo Chico [brand, known for its] naturally sparkling mineral water." Compl. ¶¶ 2, 57.

The result of these representations was that Plaintiff "[and] [C]onsumers [] expect[ed] the Product to contain tequila" and "sparkling mineral water sourced in Monterrey, Mexico." Compl. ¶¶ 9, 31.

Had Plaintiff known the Product contained neither, "she would not have bought [it] or

---

[1] In support of its Motion, Defendant submits a Request for Judicial Notice ("RJN") that includes as exhibits pictures of Topo Chico's labels for its "Margarita variant," Ex. A, "Strawberry Hibiscus variant," Ex. B, "Tropical Pineapple variant," Ex. C, "Prickly Pear variant," Ex. D, and "12-pack of Topo Chico Margarita," Ex. E.

would have paid less." Compl. ¶ 35.

## LEGAL STANDARDS

The standard for granting "a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

To proceed beyond a motion based on Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff need only "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

## I. PLAINTIFF'S CLAIMS ARE PLAUSIBLE AND VIABLE

Plaintiff brings claims under GBL §§ 349 and 350, which New York's highest court has recognized are founded on the overarching belief that "[c]onsumers have the right to an honest market place where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995).

To successfully assert a claim under either section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d. Cir. 2015).

A plaintiff must plausibly allege that the deceptive conduct was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018).

Defendant is correct that "[I]n 'determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial.'" Def. Mem. at 8-9 quoting *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 199 (2d Cir. 2019) quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013).

A.    Dictionary Definitions Support Expecting Some Tequila

Defendant's assertion that the expectation of tequila was implausible because "reasonable consumers [] understand that they are not 'order[ing] a margarita'" is misplaced. Def. Mem. at 9 quoting Compl. ¶ 5.

Plaintiff's "expect[ation] [that] the Product [] contain[ed] tequila" was reasonable, because "this ingredient defines what a margarita is," even in the absence of being served in a glass at a bar. Compl. ¶¶ 5, 9. This is supported by multiple dictionary definitions which constitute "[E]vidence of the public's understanding of [this] term," that uniformly describe it as "a cocktail consisting of tequila." Compl. ¶¶ 6-8; *Gear, Inc. v. LA Gear California, Inc.*, 670 F. Supp. 508, 515 (S.D.N.Y. 1987).

Courts should be "[reluctant to] conclude based on [their] experience alone that a consumer would not understand [margarita] in a way consistent with its definition." *Campbell v. Whole Foods Mrkt Grp., Inc.*, 516 F. Supp. 3d 370, 385 n.6 (S.D.N.Y. 2021) (accepting proposed definition of "graham cracker" as one made "'chiefly' of graham flour."); *see also Singleton v. Fifth Generation, Inc.*, No. 15-cv-474, 2016 WL 406295, at *9 (N.D.N.Y. Jan. 12, 2016) (same, but for "handmade").

B.    Alcohol By Volume Content Insufficient to Show Absence of Tequila

First, merely because other "'ready-to-drink,' pre-mixed margarita cocktails" "disclose an alcohol content of more than 12%, almost three times [the 4.5%] of the Product" fails to show it was implausible the Topo Chico beverage would contain tequila. Def. Mem. at 4 citing Compl. ¶¶ 18, 25.

All this shows is that other "RTD margarita[s] containing tequila" contain more of this agave-based spirit than the Topo Chico Product, and not, as Defendant suggests, a "signal" about the absence of tequila. Compl. ¶ 24.

Defendant's argument asks the Court to assess how reasonable consumers understand alcohol by volume ("ABV"), even though it offers no extrinsic evidence to support its position. The evidence that exists on this subject confirms that ABV only "gives the consumer a general idea of how 'strong' or 'concentrated' the labeled beverage is in relation to certain other alcoholic beverages that disclose the percentage []."[2]

C.    Wide Availability Fails to Dispel Expectation of Tequila

Defendant's citation to arcane sections of New York Alcoholic Beverage Control Law "[which] forbids grocery stores [like ShopRite] from selling products that contain distilled spirits such as tequila" assumes "reasonable consumers are aware of these complex regulations, [and] incorporate the[m] into their day-to-day marketplace expectations." Def. Mem. at 5 and 14 citing N.Y. A.B.C. §§ 54(4), 54-a(2), 63(4); *Wynn v. Topco Assocs., LLC*, No. 19-cv-11104, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021) (finding implausible that purchasers were aware of labeling requirements for vanilla).

---

[2] Modernization of the Labeling and Advertising Regulations for Wine, Distilled Spirits, and Malt Beverages, 83 Fed. Reg. 60562 (Nov. 26, 2018) (to be codified at 27 C.F.R. pts. 4, 5, 7, 14, and 19), Docket TTB-2018-0007-0074, Joint Comment from Center for Science in the Public Interest ("CSPI"), Consumer Federation of America ("CFA"), & National Consumers League ("NCL") at 4 (Feb. 22, 2019)

While courts consider "consumer background knowledge at the motion-to-dismiss stage," this is limited to "whether a reasonable consumer, not the least sophisticated consumer, would be misled." Def. Mem. at 15 citing *Beers v. Mars Wrigley Confectionery US, LLC*, No. 21-cv-2, 2022 WL 493555, at *7 (S.D.N.Y. Feb. 17, 2022) (finding that in the absence of terms such as "only," it was not plausible to expect the absence of vegetable oils mixed with chocolate); *Daniel v. Mondelez Int'l Inc.*, 287 F. Supp. 3d 177, 193 (E.D.N.Y. 2018) (citation omitted).

To conclude otherwise would require "the Court [to] resolve questions regarding 'the background knowledge, experience[,] and understanding of reasonable consumers' as a matter of law," which is contrary to the standard under Rule 12(b)(6) and 12(c). *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 96, 104 (S.D.N.Y. 2021) (declining to accept similar argument based on alcohol laws prohibiting "beverages sold in a drug or convenience store [from] contain[ing] tequila, wine, or rum.").

While "[A] federal trial judge, with a background and experience unlike that of most consumers … [may] know[s] that wine and hard spirits may not be purchased [outside of liquor stores]," whether consumers share this knowledge "cannot be resolved without surveys, expert testimony, and other evidence of what is happening in the real world." *Cooper*, 553 F. Supp. 3d at 104 citing *Verizon Directories Corp. v. Yellow Book USA, Inc.*, 309 F. Supp. 2d 401, 407 (E.D.N.Y. 2004).

Finally, even if Plaintiff was amongst "[all] New Yorker[s] who has shopped for distilled spirits [and knew] it [wa]s not possible to purchase liquor such as tequila in [a ShopRite]," "[s]he [wa]s not looking for a [bottle of tequila]," but "[an] alcoholic beverage[s] with distilled spirit ingredients." Def. Mem. at 14-15; *Steele v. Wegmans Food Mrkts., Inc.*, 472 F. Supp. 3d 47, 50

(S.D.N.Y. 2020) (describing "[T]he buyer's first desire [a]s for ice cream," not a "bowl of vanilla.").

D.    <u>Nothing So Exclusive About Tequila to Render its Inclusion Unlikely</u>

Defendant's arguments related to the Product's "modest price point" are insufficient to put consumers on notice "they are purchasing are flavored beers that purport to taste like a margarita." Def. Mem. at 15; Compl. ¶ 22.

Unlike the plaintiffs in *Chen* and *Geffner*, who expected a $2 steak that "c[ould] be consumed in hand, without the need for a fork and knife," and that "diet" in the context of sodas was "a generic promise of weight-loss," "[RTD] margarita beverages which contain tequila are sold by competitor brands [] and are not technologically or commercially unfeasible." Def. Mem. at 8-9 citing *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500-01 (2d Cir. 2020) and *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 199 (2d Cir. 2019).

Defendant's references to the Product's "modest price point" is insufficient to put consumers on notice "they purchasing are flavored beers that purport to taste like a margarita." Def. Mem. at 15 citing *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) , *Brumfield v. Trader Joe's Co.*, No. 17-cv-3239, 2018 WL 4168956, at *1-2 (S.D.N.Y. Aug. 30, 2018) and *Moore v. Trader Joe's Co.*, 4 F.4th 874, 884 (9th Cir. 2021).

While the "hypothetical reasonable consumer[s] of truffle flavored oil [and Manuka honey] would know something about the expense and rarity of [these foods]" to be cued in by their "too good to be true" prices, tequila is not "a specialty product," nor does Defendant indicate its cost is prohibitive. Def. Mem. at 15 citing *Brumfield v. Trader Joe's Co.*, No. 17-cv-3239, 2018 WL 4168956, at *1-2 (S.D.N.Y. Aug. 30, 2018)  and *Moore v. Trader Joe's Co.*, 4 F.4th 874, 884 (9th Cir. 2021) "citing *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) *compare with*

*Colpitts v. Blue Diamond Growers,* 527 F. Supp. 3d 562, 583 (S.D.N.Y. 2021) (expecting almonds prepared in a smokehouse not facially implausible based on cost).

E.     Unlike "Vanilla," "Margarita" Does Not Refer to a Flavor

Defendant's description of the Product as "a margarita-inspired hard seltzer" fails for multiple reasons. Def. Mem. at 9-10. First, "Margarita" and pictures of agave plants are representations about the central ingredient of tequila. Compl. ¶ 9. Defendant's assertions how "the image of agave plants underscores margarita flavoring, and accurately communicates that the Product contains agave-derived ingredients" is not credible, because consumers are not seeking agave sweetener but an alcoholic drink with some tequila. Def. Mem. at 10.

Second, while consumers "associate the word 'vanilla' with a flavor, not an ingredient," margaritas are a "cocktail containing [the ingredient of] tequila," which is not a flavor. Def. Mem. at 10 citing *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 162 (S.D.N.Y. 2021); Compl. ¶ 5.

Defendant's citation to *Rivas* is inapposite, because Plaintiff's expectation of tequila was not based on a "[solitary] modifying adjective, such as 'white'" but on the word "Margarita" and pictures of the source crop for this distilled spirit. Def. Mem. at 17 citing *Rivas v. Hershey Co.*, No. 19-cv-3379, 2020 WL 4287272, at *5 (E.D.N.Y. July 27, 2020); Compl. ¶ 2.

F.     Whether "Hard" Describes a Type of Distilled Spirit Alcohol, is a Question of Fact

While Defendant argues that the term "hard" in context of hard seltzer "conveys that the [P]roduct contains alcohol, not that it includes distilled spirits," this does not make Plaintiff's definitions any less applicable. Def. Mem. at 11-12 citing *Suzie's Brewery Co. v. Anheuser-Busch Cos., LLC*, 519 F. Supp. 3d 839, 847 n.6 (D. Or. 2021).

While Defendant acknowledges "hard cider" and "hard lemonade" are made using fermentation, consumers generally "understand 'hard' in the context of alcoholic beverages to refer to distilled spirits and 'hard liquor.'" Def. Mem. at 11 citing Compl. ¶¶ 11-16 *but see* Compl. ¶ 17.

In any event, "where a representation is capable of two possible reasonable interpretations," a court should not reject "the misleading one ... simply because there is an alternative non-misleading interpretation." *Fishon v. Peloton Interactive, Inc.*, No. 19-cv-11711, 2020 WL 6564755, at *7 (S.D.N.Y. Nov. 9, 2020).

G.    Front Label Representation Eliminated Need to Check Ingredient List

That the "Product's ingredient list" did not "list tequila as an ingredient," is not a defense on the pleadings because "[R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side." Def. Mem. at 12 citing *Warren v. Whole Foods Mkt. Grp. Inc.*, 574 F. Supp. 3d 102, 114 (E.D.N.Y 2021), *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 334, 337 (E.D.N.Y. 2018) *compare with Mantikas*, 910 F.3d at 637.

Moreover, Defendant's ingredient list omits that "the alcohol source [was] from a fermented sugar base, [by] list[ing] only 'alcohol'" and thus a consumer would not have known the alcohol did not come from tequila. Compl. ¶ 20.

Other courts considering similar issues have reasonably concluded that "the fact that a particular ingredient – tequila, say – does not appear on a product's ingredient list does not automatically defeat a deceptive labeling claim as a matter of law." *Cooper*, 553 F. Supp. 3d at 100; *Browning v. Anheuser-Busch, LLC*, 539 F. Supp. 3d 965, 972 (W.D. Mo. 2021) (noting that by alleging that "a reasonable consumer would be led to believe the Margarita Products contain tequila," "[p]laintiffs have adequately alleged the overall label is misleading").

## II. "TOPO CHICO" LEADS CONSUMERS TO EXPECT NATURALLY SPARKLING WATER

Defendant's argument that Plaintiff could not have "expected the Product to contain "sparkling mineral water sourced in Monterrey, Mexico" because it is "not an ingredient in a margarita" and thus is an "inconsistent assertion[s]" is flawed. Def. Mem. at 16 citing *XL Specialty Ins. Co. v. Otto Naumann, Ltd.*, No. 12-cv-8224, 2015 WL 1499208, at *2 (S.D.N.Y. Mar. 31, 2015).

First, Plaintiff did not allege she expected the ingredients to be identical to a margarita, but that it "contained tequila." Compl. ¶ 57. Second, there is no reason a beverage with tequila could not include carbonated water, like the competitor "Dulce Vida Sparkling Margarita." Compl. ¶ 25. Third, Fed. R. Civ. P. 8(d) permits Plaintiff to "plead different theories, even if they are inconsistent with one another, and the court must accept each sufficiently pleaded theory at face value." Def. Mem. at 6; *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

Further, there is no inconsistency between "the Product includ[ing] 'Added Minerals For Taste'" and its sourcing from Monterrey. Def Mem. at 16-17; Compl. ¶ 31. Further, that the back of the box discloses made with "filtered water" is insufficient to put consumers on notice, because "reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredients list in small print on the side." Def. Mem. at 17; *Mantikas*, 910 F.3d at 638 citing *Williams v. Gerber Prods. Co.*, 522 F.3d 934, 939 (2d Cir. 2008).

Finally, whether Defendant is not prevented "from putting the trademark to other uses" is not relevant to Plaintiff's claims, which are based on her belief the Product "contained tequila and Topo Chico's naturally sparkling mineral water." Def. Mem. at 17 citing *Rivas*, 2020 WL 4287272, at *5, *Forschner Grp., Inc. v. Arrow Trading Co. Inc.*, 30 F.3d 348, 351- 55 (2d Cir. 1994), *Chong*

*v. Nestlé Waters N. Am., Inc.*, No. 19-cv-10901, 2020 WL 7690175, at *7 (C.D. Cal. Nov. 30, 2020), *Romero v. Tropicale Foods, LLC*, No. 21-cv-1165, 2021 WL 6751908, at *5 (C.D. Cal. Dec. 22, 2021), *Steinberg v. Icelandic Provisions, Inc.*, No. 21-cv-05568, 2022 WL 220641, at *16 (N.D. Cal. Jan. 25, 2022); Compl. ¶ 81.

## III.  PLAINTIFF HAS STANDING TO PURSUE NON-NEW YORK CLAIMS

Defendant's argument in opposition to the claims of the Consumer Fraud Multi-State Class "is not properly raised" by a footnote. Def. Mem. at 7 n.5 citing *In re Propranolol Antitrust Litig.*, 249 F. Supp. 3d 712, 727 (S.D.N.Y. 2017).

Nevertheless, Defendant argues that Plaintiff lacks standing to pursue her "Consumer Fraud Act" claims because "she does not allege to have purchased the Product" outside of New York and because she points "to the hypothetical claims of class members of a putative multi-state class." Def. Mem. at 7 n.5 citing *MacNaughten v. Young Living Essential Oils, LLC*, 575 F. Supp. 3d 315, 335 (N.D.N.Y. 2021).

However, "[T]here is a 'growing consensus among district courts that class certification is 'logically antecedent'" to deciding standing, and "the weight of authority holds that in general class certification should come first." *Kaatz v. Hyland's Inc.*, No. 16-cv-237, 2016 WL 3676697, at *4-5 (S.D.N.Y. July 6, 2016). This approach is consistent with Second Circuit authority, because "resolution of class certification [will] obviate[s] the need to decide issues of Article III standing." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65 (2d Cir. 2012).

## IV.  PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS

### A.  Plaintiff Provided Notice Consistent with the Statute

Defendant's argument that Plaintiff "warranty claim[s] [are] deficient because [she] does not allege [] she timely [gave notice]" fails because N.Y. U.C.C. § 2-607 does not mention or

allude to any litigation. Def. Mem. at 18-19 citing *Dwyer*, 2022 WL 1136799, at *10 and *Campbell v. Whole Foods Market Group, Inc.*, 516 F. Supp. 3d 370, 392 (S.D.N.Y. 2021).

Plaintiff nonetheless complied with N.Y. U.C.C. § 2-607, because she purchased the Products "between May 2022 and June 2022" and notified Defendant of the breach by filing this action on August 14, 2022. ECF No. 1; Compl. ¶ 56; *Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 261 n.6 (E.D.N.Y. 2014) (recognizing "that a plaintiff's pleadings may constitute reasonable notice").

Additionally, "notice requirements for breaches of warranty have long been jettisoned in New York" for retail sales. *Gavilanes v. Gerber Prods. Co.*, No. 20-cv-05558, 2021 WL 5052896, at *7 (E.D.N.Y. Nov. 1, 2021) citing *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept. 28, 2000).

### B.    Plaintiff Satisfied the Direct-Dealing Exception to Privity

Defendant is incorrect that Plaintiff's implied warranty claim fails because she did not "allege privity." Def. Mem. at 19 citing *MacNaughten v. Young Living Essential Oils, LC*, 575 F. Supp. 3d 315, 334 (N.D.N.Y. 2021) and *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 591 (S.D.N.Y 2021).

Plaintiff "need not allege direct privity" because she was "directly marketed  [to] through [Defendant's] advertisements" and "was a third-party beneficiary to '[its] sales contract" with ShopRite. *Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 916 F. Supp. 2d 357, 363 (W.D.N.Y. 2013); Compl. ¶¶ 56, 82.

### C.    Alternative Criteria for Implied Warranty Provided

Defendant argues that Plaintiff's implied warranty of merchantability claim fails because she did not establish that the Product was "unfit for the ordinary purposes for which such goods are used." Def. Mem. at 19 quoting TWOHIG and *Gordon v. Target Corp.*, No. 20-cv-9589, 2022

WL 836773, at \*15 (S.D.N.Y. Mar. 18, 2022). This ignores that Plaintiff satisfied alternative criteria for this cause of action. N.Y. U.C.C. § 2-314(c).

First, the Product could not "pass without objection in the trade" as being characterized as a "Margarita – Hard Seltzer" because it was "reasonably foreseeable" that consumers would expect the beverage to contain tequila and not "agave syrup." N.Y. U.C.C. § 2-314(2)(a); *Custance v. Terex Utils.*, 2016 N.Y. Slip Op. 32171 (N.Y. Sup. Ct. 2016); Compl. ¶ 21.

Second, the Product was not "fit[] for [its] particular purpose," as a "Margarita – Hard Seltzer" because it did not contain ingredients expected of a margarita beverage, "the liquor obtained from the distillation of the agave plant and the essential tequila ingredient in a margarita" and Defendant had "reason to know [of] the particular purpose for which the Product was bought" "because it was marketed as if it contained tequila and Topo Chico's naturally sparkling mineral water." N.Y. U.C.C. § 2-315; Compl. ¶¶ 21, 94-95.

D.    Defendant's Misrepresentations Plausibly Support Warranty Claims

Defendant argues that because Plaintiff "failed to allege that the Product's labeling would be likely to deceive," her remaining claims, i.e., warranty claims, also fail. Def. Mem. at 18 quoting *Twohig*, 519 F. Supp. 3d at 162 and *Dwyer v. Allbirds, Inc.*, No. 21-cv-5238, 2022 WL 1136799, at \*10 (S.D.N.Y. Apr. 18, 2022).

Through its front label, it made an "affirmation of fact or promise" that misrepresented the Products' true ingredient content, tequila, which became "part of the basis of the bargain," creating "an express warranty that the goods shall conform to the affirmation or promise." 810 ILCS 5/2-313(1)(a); Compl. ¶¶ 19, 93.

E.    MMWA Claim is Based on the Plausible Express and Implied Warranty Claims

Defendant contends that the Magnuson Moss Warranty Act ("MMWA") is inapplicable because the term "Margarita Hard Seltzer" is a "packaging description[s]," which is "not [an]

actionable warrant[y]" under this act." Def. Mem. at 20 quoting *Bynum v. Fam. Dollar Stores, Inc.*, 592 F. Supp. 3d 304, 315 (S.D.N.Y. 2022).

However, "Margarita Hard Seltzer" was a "written affirmation" and a promise to be "defect free" because it represented that the Product would be made with tequila and "contain[ed] Topo Chico's naturally sparkling mineral water." 15 U.S.C. § 2301(6)(A); Compl. ¶ 84.

Contrary to Defendant's contention that Plaintiff's "MMWA claim fails for all [the] same reasons" as her state law breach of warranty claims, the plausible express and implied warranty claims support her MMWA claim. Def. Mem. at 19 citing *Twohig*, 519 F. Supp. 3d at 167 n.8.

## V.   COMMON LAW CLAIMS ARE ADEQUATELY PLED

### A.   The Complaint Exceeds Particularity Requirements for Fraud

While Defendant contends that Plaintiff insufficiently provides "facts that give rise to a strong inference of fraudulent intent," this disregarding that Fed. R. Civ. P. 9(b) permits scienter to "be alleged generally." Def. Mem. at 20 citing *Dwyer*, 2022 WL 1136799, at *10 and *Twohig*, 519 F. Supp. 3d at 162.

Plaintiff provided the "who, what, where, when, and how" or "the first paragraph of any newspaper story," which satisfies Fed. R. Civ. P. 9(b). *Housey v. Procter & Gamble Co.*, No. 21-cv-2286, 2022 WL 874731, at *3 (S.D.N.Y. Mar. 24, 2022) citing *Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 520 (S.D.N.Y. 2014).

The "who" was "The Coca-Cola Company." Compl. ¶ 41. The "what" is its "Margarita – Hard Seltzer" with pictures of agave plants. Compl. ¶ 1. The "where" and "when" was at "ShopRite, 26 N Middletown Rd, Pearl River, NY 10965, between May 2022 and June 2022." Compl. ¶ 56. The "how" was being represented as having been made with tequila and naturally sparkling mineral water when "the Product [did] not contain [it]." Compl. ¶ 26.

B.    Unjust Enrichment is Viable

While Defendant argues that "Plaintiff's unjust enrichment claim should be dismissed because it 'simply duplicates'" her tort claim, Fed. R. Civ. P. 8(d)(2) permits her to "set out 2 or more statements of a claim or defense alternatively or hypothetically." Def. Mem. at 20-21; Compl. ¶ 101.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion or in the alternative grant leave to file an Amended Complaint.

Dated:    November 29, 2022

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
spencer@spencersheehan.com
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080

James Chung Law Office
43-22 216th St
Bayside NY 11361
(718) 461-8808
Jchung_77@msn.com

## Certificate of Service

I certify that on November 29, 2022, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan