Steven A. Zalesin
Jane Metcalf
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone (212) 336-2110
Facsimile (212) 336-2111
sazalesin@pbwt.com
jmetcalf@pbwt.com

*Attorneys for The Coca-Cola Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KARI WARREN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>THE COCA-COLA COMPANY,<br><br>      Defendant. | Civil Action No. 22-cv-06907 (CS)<br><br><br>ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE COCA-COLA COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT .........................................................................................................................2

I. A REASONABLE CONSUMER WOULD NOT BELIEVE THE PRODUCT
CONTAINS TEQUILA ..............................................................................................3

    A. No Reasonable Consumer Would Expect a "Hard Seltzer" Product to
Contain Tequila ..............................................................................................3

    B. The Surrounding Context Makes Clear That the Product Does Not Contain
Tequila ............................................................................................................6

    C. The Label Otherwise Clarifies That the Product Does Not Contain Tequila ..........7

II. A REASONABLE CONSUMER WOULD NOT BELIEVE THE PRODUCT
CONTAINS MINERAL WATER SOURCED FROM MONTERREY, MEXICO ...........8

III. PLAINTIFF'S REMAINING CLAIMS FAIL FOR ADDITIONAL REASONS ............10

CONCLUSION ....................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beers v. Mars Wrigley Confectionary, U.S. LLC.*,
  2022 WL 493555 (S.D.N.Y. Feb. 17, 2022) ........................................................................... 11

*Chufen Chen v. Dunkin Brands, Inc.*,
  954 F.3d 492 (2d Cir. Mar. 31, 2020) ..................................................................................... 3

*Cooper v. Anheuser-Busch, LLC*,
  553 F. Supp. 3d 83 (S.D.N.Y. 2021) ........................................................................................ 5

*Davis v. Hain Celestial Grp., Inc.*,
  297 F. Supp. 3d 327 (E.D.N.Y. 2018) .................................................................................... 10

*Devane v. L'Oréal USA, Inc.*,
  2020 WL 5518484 (S.D.N.Y. Sept. 14, 2020) ..................................................................... 8, 9

*Dwyer v. Allbirds, Inc.*,
  No. 21-CV-5238 (CS), 2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022) ................................... 11

*Eyzaguirre v. Molson Coors Beverage Company USA LLC*,
  No. 22-cv-60889-WPD (S.D. Fla. May 11, 2022) .............................................................. 1, 4

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013) .................................................................................................... 3

*Khaimova v. Anheuser-Busch, LLC*,
  Case No. 21-cv-05268 (N.D. Ill. Oct. 5, 2021) ....................................................................... 4

*Kommer v. Bayer Consumer Health*,
  252 F. Supp. 3d 304 (S.D.N.Y. 2017) ...................................................................................... 7

*Pichardo v. Only What You Need, Inc.*,
  2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) .......................................................................... 7

*Sibrian v. Cento Fine Foods, Inc.*,
  2020 WL 3618953 (E.D.N.Y. July 2, 2020) ........................................................................ 3, 7

*Troncoso v. TGI Friday's Inc.*,
  2020 WL 3051020 (S.D.N.Y. June 8, 2020) ........................................................................... 3

*Twohig v. Shop-Rite Supermarkets, Inc*,
  519 F. Supp. 3d 154 (S.D.N.Y. 2021) .................................................................................... 11

*Warren v. Whole Foods Mkt. Grp. Inc.*,
 574 F. Supp. 3d 102 (E.D.N.Y 2021) ...........................................................................7, 8, 10

*Winston v. Hershey Co.*,
 2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020) ..........................................................................8

*XL Specialty Ins. Co. v. Otto Naumann, Ltd.*,
 2015 WL 1499208 (S.D.N.Y. Mar. 31, 2015) .........................................................................9

*Yates v. United States*,
 574 U.S. 528 (2015) .................................................................................................................6

**Other Authorities**

21 C.F.R. § 101.4(a)(1) ....................................................................................................................8

27 C.F.R. § 25.11 ............................................................................................................................8

Defendant The Coca-Cola Company ("Coca-Cola") respectfully submits this reply memorandum of law in further support of its motion for judgment on the pleadings.

## PRELIMINARY STATEMENT

Plaintiff insists that, when she bought a 12-pack of Topo Chico Margarita Hard Seltzer (the "Product") at her local Shop-Rite, she thought she was "ordering a margarita" that contained tequila. As shown in Coca-Cola's opening brief, however, reasonable consumers would not share that belief. The term "Hard Seltzer" is widely understood to mean a sparkling water with alcohol from sugar or malt fermentation, not a "cocktail" with tequila. Plaintiff's own counsel acknowledged as much in a recent federal court pleading, which described hard seltzers as "made from malted barley, or fermented sugar, with a low alcohol content" and observed that "[a]ll of the hard seltzers out there are basically the same."[1] Plaintiff had no reason to expect anything different from Topo Chico Margarita Hard Seltzer.

Plaintiff's opposition brief does not attempt to supply any justification for her contrary understanding, and instead ***completely ignores*** the phrase "Hard Seltzer" on the Product's label—just as Plaintiff herself purportedly did when she purchased the Product. Plaintiff claims to have focused on the word "Margarita" to the exclusion of all else, including the Product's identification as a "Hard Seltzer," and asks the Court to do the same. But Plaintiff cannot simply wish away the content of the Product's front label. No reasonable consumer would equate the term "Hard Seltzer" with a cocktail containing tequila. That is reason enough to dismiss Plaintiff's claims.

Plaintiff's opposition also urges the Court to overlook numerous contextual cues that would indicate to a reasonable consumer that the Product does not contain tequila. Although the Second

---

[1] *See Eyzaguirre v. Molson Coors Beverage Company USA LLC*, Case No. 22-cv-60889-WPD (S.D. Fla. May 11, 2022), ECF No. 1 at ¶¶ 2-7.

Circuit has held that "context is crucial" when evaluating a product label, Plaintiff treats the context of her purchase as wholly irrelevant. She asks the Court to disregard the fact that the Product cost only about $1.50 per can (far less than a spirits-based cocktail would ordinarily cost), that its front label disclosed an alcohol content of 4.5% (far lower than a typical spirits-based cocktail), that it says nothing about containing tequila, and that she purchased it in a New York grocery store where "distilled spirits" such as tequila are not sold. Plaintiff argues that any one of these facts, considered *in isolation*, is not enough to dispel the alleged deception. Even if that were true, they were sufficient *in combination* to tip a reasonable consumer off that the Product is not a margarita.

Plaintiff's opposition similarly fails to support the plausibility of her second theory of deception: that she reasonably believed the Product contained mineral water from Monterrey, Mexico. As shown in Coca-Cola's opening brief, the Product label makes no representation whatsoever to that effect. And while Plaintiff may associate the Topo Chico brand with source mineral water, that alone does not prohibit Coca-Cola from applying the trademark to additional products. Plaintiff offers no meaningful response to these points. Nor does she address the inherent contradiction between her "mineral water" theory of deception and her claim that she believed she was "ordering a margarita" when she bought the Product.

Plaintiff's claims suffer from myriad deficiencies that cannot be overcome by amendment to the Complaint—an opportunity she has already expressly declined. The Court should grant judgment on the pleadings to Coca-Cola and dismiss this action with prejudice.

## ARGUMENT

Plaintiff does not and cannot plausibly allege that the Product's label would mislead a reasonable consumer. *See* Opening Brief ("Br.") at 8-16. In her opposition, Plaintiff claims that this Court cannot "resolve questions regarding 'the background knowledge, experience, and

2

understanding of reasonable consumers'" at the pleadings stage. (Opposition ("Opp.") at 12 (citation omitted)). But "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). And, in making that determination, courts may "[draw] upon common sense and common experience." *Sibrian v. Cento Fine Foods, Inc.*, 2020 WL 3618953, at *4 (E.D.N.Y. July 2, 2020); *see also Troncoso v. TGI Friday's Inc.*, 2020 WL 3051020, at *7 (S.D.N.Y. June 8, 2020) ("A reasonable consumer does not lack common sense."). Where a plaintiff's theories of deception are so implausible that no reasonable consumer would share them, they should be dismissed as a matter of law. *See, e.g.*, *Chufen Chen v. Dunkin Brands, Inc.*, 954 F.3d 492 (2d Cir. Mar. 31, 2020) (advertisement not misleading because no reasonable consumer would expect a "grab-and-go" product sold at a donut store to contain "Angus beef").

Plaintiff's Complaint cannot survive under this standard. No reasonable consumer would expect a "Hard Seltzer" product—sold for approximately $1.50 per can at Shop-Rite—to be a margarita cocktail that contained tequila. Nor would they assume that the Product was produced with mineral water from a particular spring in Monterrey, Mexico, when the Product label says nothing of the sort. Plaintiff's arguments to the contrary defy common sense and should be rejected out of hand.

## I. A REASONABLE CONSUMER WOULD NOT BELIEVE THE PRODUCT CONTAINS TEQUILA

### A. No Reasonable Consumer Would Expect a "Hard Seltzer" Product to Contain Tequila

As explained in Coca-Cola's opening brief, "hard seltzer" products are widely understood to contain carbonated water, flavoring, and alcohol derived from fermented malt or sugar—not distilled spirits. *See* Br. at 9-12. In fact, Plaintiff's own counsel has admitted as much in other recent lawsuits involving hard seltzer products. For example, in *Eyzaguirre v. Molson Coors*

3

*Beverage Company USA LLC*, counsel stated that "demand for hard seltzers has exploded" in recent years; referred to hard seltzer as "made from malted barley, or fermented sugar, with a low alcohol content, fruit flavored, and roughly 100 calories or less"; and proclaimed that "[a]ll hard seltzers out there" meet this description and "are basically the same." Case No. 22-cv-60889-WPD (S.D. Fla. May 11, 2022), ECF No. 1 at ¶¶ 2-7. Likewise, in *Khaimova v. Anheuser-Busch, LLC*, counsel admitted that consumers know "a typical hard seltzer [is] made from cane sugar." Case No. 21-cv-05268 (N.D. Ill. Oct. 5, 2021), ECF No. 1 at ¶ 49.[2]

Perhaps recognizing that these facts are utterly inconsistent with counsel's latest theory of deception, Plaintiff's opposition ***does not even address*** the presence of the phrase "Hard Seltzer" on the front label of the Product. Instead she attempts to misdirect the Court with a series of digressive and inaccurate claims, none of which is sufficient to salvage her Complaint.

*First*, Plaintiff asks the Court to focus solely on the term "Margarita" on the Product's label, and cites "dictionary definitions" that describe that term as "a cocktail consisting of tequila." Opp. at 3. But the Product label does not simply say "Margarita." Rather, the term "Margarita" appears only as a modifier of "**Hard Seltzer**." And dictionaries—not to mention Plaintiff's own counsel—consistently define "hard seltzer" as carbonated water that contains fermented malt or sugar, not distilled spirits. *See* Br. at 2-3.

In this respect, the present case is readily distinguishable from *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83 (S.D.N.Y. 2021). The product in the case before Judge Karas was labeled "Sparkling Margarita"—without reference to "hard seltzer" or other clarifying language:

---

[2] Counsel argued in *Khaimova* that consumers would still expect the product to contain tequila because the front label also stated "Made For The Night," and "[c]onsumers of alcohol typically associate consumption of hard liquors with a night out." *Id.* ¶ 50. Laying aside the dubiousness of that assertion, there is no such reference to a "night out" on the Product label at issue here.



*Id.* at 96. Here, in contrast, the Product is called "Topo Chico Hard Margarita Hard Seltzer":



The label plainly conveys to reasonable consumers that the Product is a margarita-flavored version of Topo Chico's "Hard Seltzer" line of products. *See* Br. at 10.

*Second*, Plaintiff insists that "margarita[] . . . is not a flavor," and that consumers do not "associate" it with flavoring. Opp. at 7. Plaintiff alleges no facts whatsoever in support of her speculation that reasonable consumers would associate, *e.g.*, "vanilla," but not "margarita," with a flavor. And in any event, the concept of a margarita-flavored product is not a difficult one for consumers to grasp. Surely any reasonable consumer would know that a "margarita lollipop" was

5

a margarita-flavored lollipop. By the same token, reasonable consumers understand "Topo Chico Margarita Hard Seltzer" to be a margarita-flavored hard seltzer, just as they understand "Topo Chico Strawberry Guava Hard Seltzer" to be a strawberry-guava-flavored hard seltzer. Plaintiff's unsupported speculation about what consumers purportedly "associate" with the term "margarita" cannot save her claim from dismissal.

B. **The Surrounding Context Makes Clear That the Product Does Not Contain Tequila**

Even if the phrase "Hard Seltzer" on the Product's front label were not a clear enough description—and it is—the surrounding context leaves no doubt about the Product's essential characteristics. As set forth in Coca-Cola's opening brief, Plaintiff does not dispute that the Product she purchased cost approximately $1.50 per can, which is far less than an ordinary spirits-based cocktail would cost; disclosed on its front label an alcohol content of 4.5%, which is far lower than the typical alcohol content of a spirits-based cocktail; and was sold at a Shop-Rite grocery store, which by definition cannot sell products containing tequila. *See* Br. at 14-15.

In her opposition, Plaintiff addresses these contextual factors separately and then argues that each one, considered ***in isolation***, is not enough to dispel the alleged deception. *See* Opp. at 4-6. But courts must "view each allegedly misleading statement in light of its context on the product label or advertisement ***as a whole***." *Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020) (citations omitted) (emphasis added). In considering the effect of the entire surrounding context, this Court may "draw[] upon common sense and common experience" to determine whether the plaintiff's proposed interpretation is reasonable. *Sibrian*, 2020 WL 3618953 at *4. Common sense holds that a reasonable consumer would not expect a margarita from a product that (i) is labeled "Hard Seltzer"; (ii) is available for purchase in a store that does not and cannot sell margaritas, but can sell hard seltzer; (iii) is priced like a hard seltzer

6

rather than a margarita; (iv) prominently discloses an alcohol content that is characteristic of a hard seltzer but not a margarita; and (v) is part of a line of "hard seltzer" products of varying flavors. Plaintiff cannot premise a consumer fraud claim on the assumption that reasonable consumers would overlook the cumulative effect of all of these factors. *See Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 311-12 (S.D.N.Y. 2017) (claims dismissed where plaintiff's theory of deception "attributes to consumers a level of stupidity" that courts "cannot countenance").

### C. The Label Otherwise Clarifies That the Product Does Not Contain Tequila

For the reasons demonstrated above, the Product's front label clearly conveys to a reasonable consumer that the Product does not contain tequila, and the surrounding context reinforces that fact. But even if the Product's front label were ambiguous *and* a consumer were to ignore the surrounding context, that consumer could fully resolve any lingering confusion by consulting the back label. That portion of the label makes clear that the Product contains no tequila. *See Warren*, 574 Supp. 3d at 114 ("[C]onsumers who interpret ambiguous statements in . . . [a] debatable manner do so unreasonably if an ingredient label would set them straight.").

Indeed, Plaintiff concedes in her opposition that the Product's front label "is capable of two possible reasonable interpretations," only one of which is that the Product contains tequila. Opp. at 8 (citation omitted). But there is nothing to support Plaintiff's interpretation on the back label. The ingredient list makes no mention of tequila. *See* Br. at 12; Ex. E at 3.[3] It lists the

---

[3] Plaintiff claims that the ingredient list would not cure the supposed deception because it refers generically to "alcohol," which could include tequila. Opp. at 8. But the back label also separately describes the product as "beer." Br. Ex. E at 3. Both the inclusion of "alcohol" on the ingredient list and the separate designation of the Product as "beer" comport with applicable regulatory requirements for a product of this nature. *See* 21 C.F.R. § 101.4(a)(1) (requiring the listing of ingredients by their "common or usual name[s]"); 27 C.F.R. § 25.11 (defining "beer" as an alcoholic beverage that is brewed using malt or "any substitute for malt."). Although consumers might not consider the Product a "beer," *no* definition of "beer" involves tequila. The "beer" designation is yet another indicator that there is no tequila in the Product.

7

alcohol in the product only as "alcohol," and identifies the primary ingredients of the Product as sparkling water and agave syrup. Accordingly, the back label could have easily resolved any confusion Plaintiff had about whether the Product contained tequila. *See, e.g.*, *Winston v. Hershey Co.*, 2020 WL 8025385 at *4 (E.D.N.Y. Oct. 26, 2020) ("Reese's White" did not convey presence of chocolate because "as plaintiff admits, a glance at the ingredient list confirms that the product does *not* contain chocolate."). This is yet another reason to dismiss Plaintiff's claims.

## II. A REASONABLE CONSUMER WOULD NOT BELIEVE THE PRODUCT CONTAINS MINERAL WATER SOURCED FROM MONTERREY, MEXICO

Plaintiff also fails to make any plausible allegation that a reasonable consumer would expect the Product to contain mineral water sourced from a particular spring in Monterrey, Mexico. *See* Br. at 16-17. As explained in Coca-Cola's opening brief, this second theory of deception is entirely inconsistent with Plaintiff's "margarita" theory: she cannot simultaneously maintain that she expected the Product to be a "margarita" (a cocktail comprised exclusively of tequila, lime juice, and orange liqueur) ***and*** that she expected it to contain a certain kind of mineral water (which is not an ingredient in a margarita). *See id.*

In her opposition, Plaintiff responds that she "did not allege she expected the ingredients to be identical to a margarita, but [only] that [the Product] 'contained tequila.'" Opp. at 9. Not so. Plaintiff's Complaint is replete with allegations that she expected a "margarita" when she bought the Product—*see, e.g.*, Compl. ¶¶ 5-8, 57, 71—and the word "margarita" is the only term that allegedly led her to believe the Product contained tequila. Plaintiff's claim that she is entitled "to plead different theories" under Rule 8, "even if they are inconsistent with one another," Opp. at 9, is likewise unavailing. Although Rule 8 "allows parties to plead alternative ***legal*** theories, it does not permit inconsistent ***assertions of fact[]*** within the allegations." *XL Specialty Ins. Co. v. Otto Naumann, Ltd.*, 2015 WL 1499208, at *2 (S.D.N.Y. Mar. 31, 2015) (emphasis in original).

Plaintiff's dueling accounts of what she expected when she purchased the Product are flatly "inconsistent assertions of fact[]," and should be rejected. *See Devane*, 2020 WL 5518484, at *4.

In any event, even if Plaintiff were entitled to advance this alternative theory of deception, she has not alleged sufficient facts to support it. As set forth in Coca-Cola's opening brief, nothing on the Product label even hints at the presence of mineral water from Monterrey, Mexico or elsewhere. Plaintiff's only alleged reason for thinking otherwise was that Coca-Cola also sells mineral water under the Topo Chico brand name. But whatever Plaintiff's association with Topo Chico, she cannot stop Coca-Cola from using the trademark for other purposes. *See* Br. at 17 (collecting cases). Plaintiff's opposition offers no meaningful response on this point. Though she insists that her gripe is not about Coca-Cola's use of its trademark but about her own "belief" that the Product contained mineral water, that is a distinction without a difference. The sole basis for Plaintiff's alleged erroneous belief was that she had previously seen the trademark on Topo Chico mineral water. That is not sufficient to support a consumer fraud claim.

Plaintiff also does not explain why the disclosure "Filtered Water – Not From Source" on the Product's back label failed to resolve her alleged confusion. She asserts that "reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box." Opp. at 9 (citation omitted). But the Product's front label makes ***no representation whatsoever*** about the source of the Product's sparkling water, so there is no "misleading representation" in the first place. *See* Br. at 16-17. And if Plaintiff was concerned about the provenance of the water, she should have looked at the back panel, which is "exactly the spot consumers are trained to look." *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 334, 337 (E.D.N.Y. 2018). The back label not only states "Filtered Water – Not From Source," but also

9

expressly discloses that the Product is "produced and bottled" in "Milwaukee, WI." *See* Br. at 17. Such clarifying information defeats Plaintiff's claims. *See Warren*, 574 Supp. 3d at 114.

## III. PLAINTIFF'S REMAINING CLAIMS FAIL FOR ADDITIONAL REASONS

Plaintiff's failure to allege a plausible misrepresentation disposes not only of her claims under New York's General Business Law, but her derivative common-law and statutory claims as well. These allegations also suffer from other defects that independently warrant dismissal. *See* Br. at 18-21. Plaintiff's opposition does nothing to refute these points.

*First*, Plaintiff failed to provide pre-suit notice of her warranty claims. Contrary to her assertions, filing a complaint is not sufficient to provide notice of a warranty claim, as such a rule would defeat the very purpose of **_pre-suit_** notice. *See Dwyer v. Allbirds, Inc.*, No. 21-CV-5238 (CS), 2022 WL 1136799, at *9 (S.D.N.Y. Apr. 18, 2022). *Second*, the Magnuson-Moss Warranty Act claim fails because it is derivative of her warranty claims, which are themselves defective. *See Twohig v. Shop-Rite Supermarkets, Inc*, 519 F. Supp. 3d 154, 167 n.8 (S.D.N.Y. 2021). *Third*, her fraud claim must be dismissed for failure to plead any facts that demonstrate fraudulent intent, as required to avoid dismissal. *See id.* at 166 (rejecting almost identical fraud allegations by Plaintiff's counsel); *Dwyer*, 2022 WL 1136799, at *10 (same). *Lastly*, Plaintiff's unjust enrichment claim is derivative of her other claims and fails for the same reasons. *See Beers v. Mars Wrigley Confectionary, U.S. LLC.*, 2022 WL 493555, at *7 (S.D.N.Y. Feb. 17, 2022) (Seibel, J.).

## CONCLUSION

For the reasons stated herein and in Coca-Cola's opening brief, the Court should grant judgment on the pleadings to Coca-Cola and dismiss this action with prejudice.

Dated: December 16, 2022

By:   /s/ Steven A. Zalesin
Steven A. Zalesin
Jane Metcalf
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone (212) 336-2110
Facsimile (212) 336-2111
sazalesin@pbwt.com
jmetcalf@pbwt.com
msochynsky@pbwt.com

*Attorneys for The Coca-Cola Company*